**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

KELLY STOVER,

      Plaintiff,

v.                                       Case No: 5:15-cv-538-Oc-30PRL

OCALA AUTOMOTIVE
MANAGEMENT, LLC,

      Defendant.

_____

## ORDER

THIS CAUSE comes before the Court upon the Defendant's Motion for Summary Final Judgment (Doc. 17), Plaintiff's response in opposition (Doc. 22), and Defendant's reply (Doc. 25). The Court, having considered the motion, response, reply, and record evidence, and being otherwise fully advised in the premises, concludes that Defendant's motion should be granted in part.

## RELEVANT FACTS

This case involves an employment dispute between Plaintiff, Kelly Stover, and Defendant, Ocala Automotive Management, LLC d/b/a Honda of Ocala. Plaintiff was employed by Defendant as a vehicle exchange specialist ("VES") in 2013, and continued to work in the VES department until August 2015. By all accounts, Plaintiff was a model employee who worked hard and was successful at her job. Plaintiff was promoted several

times and offered a salaried position paying $40,000 per year, plus bonuses based on her individual performance, and provided a demonstrator vehicle by Defendant.

In May and June 2015, Plaintiff requested time off for an illness under the Family Medical Leave Act ("FMLA"). Defendant approved Plaintiff's requested leave, and Plaintiff remained on leave until she was released back to work by her physicians.

While Plaintiff was on leave, Andrew Vislosky was named Defendant's new general manager. Mr. Vislosky undertook several cost-cutting measures that affected the VES department as well as others. As part of those measures, Mr. Vislosky reduced the pay for Plaintiff's position from $40,000 per year to $12.50 per hour, the same as the other VES employee. Mr. Vislosky also restructured the bonus incentive such that it was based on the performance of the VES department as a whole instead of individual performance. Finally, Mr. Vislosky terminated the VES department's administrative assistant.

Similar cost-cutting measures were also taken outside the VES department. Specifically, Mr. Vislosky terminated a manager making $250,000, and reduced the pay of a director from $200,000 to $80,000.

Plaintiff returned to work on August 3, 2015, and was informed of Mr. Vislosky's cost-cutting measures in the VES department. Plaintiff, rather than accepting the pay decrease and bonus restructuring, took the matter to Defendant's CEO. Following a discussion with the CEO, Plaintiff decided to end her employment with Defendant rather than accept the new terms. This lawsuit followed.

As part of this lawsuit, Plaintiff claims Defendant failed to pay her two $1,000 bonuses she earned in January and March 2015. Plaintiff testified that she submitted the

required documentation to receive the bonuses to Defendant, but that Defendant never provided the payment. In the summary judgment record, Defendant never addresses whether Plaintiff was entitled to those bonuses or whether such bonuses were paid.

## SUMMARY JUDGMENT STANDARD

Motions for summary judgment should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotation marks omitted); Fed. R. Civ. P. 56(c). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248–49.

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379, 1383 (11th Cir.1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## DISCUSSION

Plaintiff claims Defendant violated the FMLA in Count I, and claims Defendant failed to pay Plaintiff two bonuses in Count II. For the reasons below, Defendant is entitled to summary judgment as to the FMLA claims in Count I, but is not entitled to summary judgment as to the unpaid wages claim in Count II.

### 1. Plaintiff's FMLA Claims

Plaintiff alleges Defendant violated the FMLA when it failed to reinstate her to her prior position upon her return from FMLA leave.[1] The FMLA requires an employer

---

[1] In an affidavit attached to Plaintiff's response, Plaintiff for the first time alludes to a claim that Defendant interfered with her right to take leave when Defendant's human resources department told her it doubted Plaintiff's FMLA request would be approved. This claim was not raised in the Complaint (Doc. 2) and is not properly before the Court. *Miccosukee Tribe of Indians of Florida v. United States*, 716 F.3d 535, 559 (11th Cir. 2013) ("In this circuit, a plaintiff cannot amend his complaint through argument made in his brief in opposition to the defendant's motion for summary judgment."); *see also Boone v. City of McDonough*, 571 Fed. Appx. 746, 751 (11th Cir. 2014). Regardless, Plaintiff's affidavit is directly contradicted by Plaintiff's deposition testimony, in which she stated Defendant's former general manager, Steve Hoggle, told her to take the leave, and that Defendant did not preclude or prevent her from taking the leave. Plaintiff

4

reinstate an employee who is returning from leave to the position she held when her leave began, or to another position that is equivalent in terms of benefits, pay, and other relevant conditions of employment. 29 U.S.C. § 2614(a)(1) (2012); *Schaaf v. Smithkline Beecham Corp.*, 602 F.3d 1236, 1241 (11th Cir. 2010). It is unlawful for "any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" an employee's right to reinstatement after leave. § 2615(a). The Eleventh Circuit has recognized that § 2615(a) creates two types of claims: "interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the [FMLA], and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in activity protected by the [FMLA]." *Hurlbert v. St. Mary's Health Care System, Inc.,* 439 F.3d 1286, 1293 (11th Cir.2006) (internal citations omitted). Plaintiff's Complaint raises both a claim for interference and retaliation.

### a. Plaintiff's claim for interference

To establish an FMLA interference claim, "an employee need only demonstrate by a preponderance of the evidence that he was entitled to the benefit denied." *Krutzig v. Pulte Home Corp.*, 602 F.3d 1231, 1235 (11th Cir. 2010) (quoting *Strickland v. Water Works and Sewer Bd. of Birmingham,* 239 F.3d 1199, 1206–07 (11th Cir.2001)). The intent of the employer is irrelevant. *Id.*

---

is not permitted to create an issue of genuine material fact by providing an affidavit that contradicts, rather than clarifies, her prior testimony. *Van T. Junkins & Associates, Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984).

An employee's rights, however, are not absolute. An employee who takes leave is not entitled to "any right, benefit, or position of employment other than any right, benefit, or position to which the employee would have been entitled had the employee not taken the leave." § 2614(a)(3)(B). In other words, an "employee has no greater right to reinstatement or to other benefits and conditions of employment than if the employee had been continuously employed with the company during the FMLA leave period." *Parris v. Miami Herald Pub. Co.*, 216 F.3d 1298, 1301 (11th Cir. 2000). As such, "an employer is not liable for failing to reinstate an employee after she has taken FMLA leave if it can show that it refused to reinstate her for a reason unrelated to FMLA leave." *Thomas v. Dolgencorp, LLC*, 645 Fed. Appx. 948, 952 (11th Cir. 2016) (citing *Krutzig*, 602 F.3d at 1236).

It is beyond dispute that Plaintiff was not reinstated to her prior position upon return from leave. Plaintiff's $40,000 salary was reduced to $12.50/hour. Defendant also concedes that Plaintiff suffered an adverse employment action upon her return. Plaintiff, therefore, has stated a *prima facie* case for interference, and the burden shifts to Defendant to show the reason for Plaintiff not being reinstated was unrelated to her FMLA leave.

Defendant met its burden by providing ample evidence for this Court to conclude that its reason for failing to reinstate Plaintiff was unrelated to her FMLA leave. Defendant's general manager, who took over while Plaintiff was on leave, restructured the VES program to cut costs in a way that affected all the employees in the department, including those who did not take FMLA leave. These measures included terminating an administrative assistance and restructuring the department's bonuses. Moreover,

Defendant implemented cost-cutting measures in other departments. Plaintiff presented no evidence that these cost-cutting measures were related to her FMLA leave. Accordingly, Defendant is entitled to summary judgment.

### b. Plaintiff's claim for retaliation

To establish a *prima facie* case for retaliation, an employee needs to show the following: (1) the employee engaged in statutorily protected conduct, (2) the employee suffered an adverse employment action, and (3) there is a causal connection between the two. *Krutzig*, 602 F.3d 1231, 1234 (11th Cir. 2010). To prove a causal connection, "a plaintiff need only show that the protected activity and the adverse action were not wholly unrelated." *Brungart v. BellSouth Telecommunications, Inc.*, 231 F.3d 791, 799 (11th Cir. 2000) (internal citations omitted). Defendant does not dispute that Plaintiff engaged in statutorily protected conduct, *i.e.* the taking of FMLA leave, or that Plaintiff suffered an adverse employment action. Rather, Defendant contends it is entitled to summary judgment because there is no causal connection between the statutorily protected conduct and adverse employment action.

When a plaintiff offers no direct evidence of a causal connection, this Circuit employs the burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). *Brungart*, 231 F.3d at 798. Under the *McDonnell Douglas* framework, proximity in time between the protected conduct and adverse employment action is generally sufficient circumstantial evidence to create a genuine issue of material fact of a causal connection when the decision maker is aware of the protected conduct. *Id.* at 799; *Thomas*, 645 Fed. App'x at 953. Once the plaintiff makes

out a *prima facie* case, the burden shifts to the defendant to provide a legitimate reasons for the adverse employment action. *Hurlbert*, 439 F.3d at 1297. If the defendant provides a legitimate reason, "the plaintiff must then show that the defendant's proffered reason for the adverse action is pretextual." *Id.*

Plaintiff has made a *prima facie* case. Although there is no direct evidence establishing a causal connection between her FMLA leave and adverse employment action, the temporal proximity between the two is sufficient circumstantial evidence to create a genuine issue of material fact. On Plaintiff's first day back from FMLA leave, Defendant reduced her salary and changed her bonus structure. Thus, Plaintiff has sufficiently made out a claim for retaliation.

The burden then shifts to Defendant to provide a legitimate reason for the adverse action that is unrelated to Plaintiff's FMLA leave. A legitimate reason for the adverse action can be "a good reason, a bad reason, a reason based on erroneous facts, or ... no reason at all, as long as its action is not for a discriminatory reason." *Brisk v. Shoreline Found., Inc.*, 15–13028, 2016 WL 299172 *2 (11th Cir. 2016) (quoting *Nix v. WLCY Radio/Rahall Comms.*, 738 F.2d 1181, 1187 (11th Cir. 1984)). As explained in regard to Plaintiff's interference claim, Defendant has provided such a reason. Namely, Defendant undertook cost-cutting measures at the direction of its new general manager, including the terminating of the VEP program's administrative assistant and restructuring of the department's bonuses. And, as already noted, these cost-cutting measures also affected departments other than the one in which Plaintiff worked.

Having provided a legitimate reason for the adverse employment action, the burden shifts back to Plaintiff to show Defendant's reason is mere pretext. Pretext is only proven if it is shown both that the reason was false, and that discrimination or retaliation was the real reason behind the challenged action. *Id.* (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993)). Here, Plaintiff has failed to satisfy her burden.

Plaintiff makes only one argument suggesting Defendant's cost-cutting measures were pretextual, namely that Plaintiff was a model employee who had repeatedly received raises and promotions prior to her FMLA leave.[2] This argument neither shows that Defendant's cost-cutting measures were false, nor that retaliation was the motive for the cost-cutting measures.

To the contrary, no reasonable factfinder could conclude that Defendant's cost-cutting measures bore any relation to Plaintiff's FMLA leave. Defendant terminated another employee in Plaintiff's department as part of its efforts to cut costs. Defendant also reduced pay for and terminated employees outside of Plaintiff's department. These broad

---

[2] The Court notes,

> The Court does not have an obligation to parse a summary judgment record to search out facts or evidence not brought to its attention. *Atlanta Gas Light Co. v. UGI Utilities, Inc.,* 463 F.3d 1201, 1209 n. 11 (11th Cir. 2006). "It is the obligation of the non-moving party ... not the Court, to scour the record in search of the evidence that would defeat a motion for summary judgment: Rule 56 'requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.' " *Lawrence v. Wal–Mart Stores, Inc.,* 236 F.Supp.2d 1314, 1322 (M.D.Fla.2002) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

*McNorton v. Georgia Dep't of Transp.*, 619 F. Supp. 2d 1360, 1365 (N.D. Ga. 2007).

cost-cutting measures, in which other employees who did not take FMLA leave were met with even greater adverse employment actions than Plaintiff, leave no room for the doubt that Plaintiff was not targeted for discrimination or retaliation because of her FMLA leave.

Because Plaintiff failed to show Defendant's legitimate reason for the adverse employment action was pretext, Defendant is entitled to summary judgment on Plaintiff's retaliation claim.

### 2. Plaintiff's Unpaid Wages Claim

Having decided that Defendant is entitled to summary judgment on Plaintiff's FMLA claims, over which the Court has original jurisdiction, Defendant argues the Court is divested of jurisdiction for Plaintiff's unpaid wages claims, over which the Court only has supplemental jurisdiction. Defendant also argues Plaintiff presented no evidence, other than her assertions, to support her claim for unpaid wages. Plaintiff does not address the issue of jurisdiction, but instead only argues that "Defendant has not provided any record evidence rebutting the Plaintiff's potential entitlement to such sums." (Doc. 22 at 12).

Defendant misstates the law regarding this Court's ability to exercise continued jurisdiction over Plaintiff's unpaid wages claim.

> Under 28 U.S.C. § 1367(c), a district court has the discretion to decline to exercise supplemental jurisdiction over pending state law claims if the district court has dismissed all federal claims prior to trial. The district court may consider judicial economy, convenience, fairness, and comity in deciding whether or not it should exercise supplemental jurisdiction.

*Bus. Realty Inv. Co. v. Insituform Techs., Inc.*, 564 F. App'x 954, 957 (11th Cir. 2014)

(citing *Baggett v. First Nat'l Bank of Gainesville,* 117 F.3d 1342, 1353 (11th Cir.1997));

*see also Jones v. Spherion Atl. Enter., LLC*, 493 F. App'x 6, 11 (11th Cir. 2012).

Here, the Court concludes it should exercise its supplemental jurisdiction over Plaintiff's unpaid wages claim. Plaintiff's unpaid wages claim does not present novel issues of Florida law. Dismissing Plaintiff's unpaid wages claim at this late stage—with discovery completed and trial scheduled to occur in approximately 60 days—would unwind a costly process that is nearly complete, forcing both parties to incur unnecessary expense and delaying resolution of an issue that is ripe for determination. As such, in the interest of fairness and convenience, the Court concludes it should retain jurisdiction over the Plaintiff's unpaid wages claim rather than dismissing it.

Having decided to exercise jurisdiction, the Court concludes Defendant is not entitled to summary judgment because a genuine issue of material fact exists. It appears Defendant is arguing it is entitled to summary judgment because Plaintiff cannot meet its burden of proof at trial. *See Celotex*, 477 U.S. at 322–23. The Court cannot say that there is no genuine issue of material fact related to Plaintiff's unpaid wages claim based on the scant evidence presented by the parties, and, therefore, Defendant is not entitled to summary judgment.

## <u>CONCLUSION</u>

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1.   The Motion for summary judgment (Doc. 17) is GRANTED, in part, and DENIED, in part;

2.   The Motion is granted as to the Count I FMLA claims; and

3.      The Motion is denied as to the Count II unpaid wages claim.

**DONE** and **ORDERED** in Tampa, Florida, this 9th day of September, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record